United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 13, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-10421
_____

JACK DONALD EGERTON, JR.,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent - Appellee.

_____

Appeal from United States District Court
for the Northern District of Texas

_____

Before DeMOSS, STEWART, and DENNIS, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Jack Donald Egerton, Jr. ("Egerton"), a Texas state prisoner, appeals the district court's

dismissal of his 28 U.S.C. § 2254 petition as time-barred. For the reasons stated below, we vacate

the district court's dismissal and remand for further proceedings in accordance with this opinion.

FACTUAL AND PROCEDURAL BACKGROUND

This appeal is the culmination of two previous grants of certificate of appealability ("COA")

by this Court. The underlying facts are as follows: Egerton pled guilty to aggravated robbery on

February 12, 1996, and was sentenced to 20 years imprisonment. Following his conviction, Egerton did not file a direct appeal. On June 9, 1998, Egerton filed a state habeas application, which was denied by the Texas Court of Criminal Appeals without written order on September 16, 1998. At the earliest, Egerton filed a § 2254 petition on October 1, 1998,[1] alleging the following errors: (1) involuntary confession, (2) ineffective assistance of counsel, (3) insufficient evidence, and (4) erroneous sentence enhancement.

The State moved to dismiss Egerton's § 2254 petition as time-barred by § 2244. Egerton responded that he was precluded from filing a direct appeal because he was denied all access to a law library and any legal materials. Immediately following his conviction, Egerton was placed in "K Housing" at the Middleton Transfer Facility. Egerton contended that he filed numerous "I-60" forms requesting legal materials, but was informed by prison officers to cease filing these requests because law library privileges were unavailable to prisoners in K Housing. Egerton was then transferred to the Choice Moore Unit on May 31, 1996. Although he had access to a library at the Choice Moore Unit, Egerton contended the library was inadequate because it lacked the federal materials necessary for him to pursue habeas relief. Egerton also claimed that he was denied access to the library on several occasions because of the small size of the room. He alleged that he requested books from other prison libraries, but did not receive the requested books. Egerton further asserted that the book containing 28 U.S.C. § 2244(d)(1) was not available at this facility.

Egerton was transferred on March 17, 1998 to the Rufe Jordan Unit in Gray County, where

---

[1]Although the district court used the file stamp date, October 9, 1998, the record shows that Egerton executed his petition on October 1, 1998. The petition was filed on the date the petition was submitted to prison authorities for mailing to the district court. See Sonnier v. Johnson, 161 F.3d 941, 945 n.2 (5th Cir. 1998).

he claimed an adequate library was available. As a result, he filed his state post-conviction petition on June 9, 1998. His federal habeas petition was filed on or about October 1, 1998, less than a month after his state application was denied.

The magistrate judge correctly noted that the one-year statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") became effective on April 24, 1996. § 2244(d)(1). Egerton did not file a direct appeal following his conviction on February 12, 1996, thus his conviction became final on March 13, 1996, when the time for seeking a direct appeal expired. Because Egerton's conviction became final prior to the AEDPA's effective date, he had until April 24, 1997 to file his federal habeas petition. See Flanagan v. Johnson, 154 F.3d 196, 200-02 (5th Cir. 1998). Egerton's petition, filed at the earliest on October 1, 1998, is untimely on its face. Egerton's state habeas application, filed on June 9, 1998, did not toll the limitations period because it was filed after the one-year grace period.[2] The magistrate judge concluded that Egerton was not entitled to statutory tolling under § 2244(d)(1)(B) or equitable tolling. The district court denied Egerton's objections, adopted the magistrate judge's recommendation, entered a judgment dismissing the petition, and denied Egerton's subsequent request for a COA. Egerton filed a timely notice of appeal.

This Court granted a COA with a limited remand to the district court for a determination of "whether Egerton was aware of the existence of AEDPA prior to the expiration of the limitations period." Upon remand, the magistrate judge issued an order instructing the State to file "a pleading setting forth any evidence or information which bears upon the issue remanded," and allowing for Egerton to do the same. Both the State and Egerton filed responsive pleadings. The State argued

---

[2]Egerton conceded to the validity of the filing dates.

that statements and arguments made by Egerton in prior pleadings implied that he knew of the existence of the AEDPA before the expiration of the limitations period, or constituted an admission of the same. The State further argued that "ignorance of the law and lack of legal assistance, even for an incarcerated prisoner, generally do not excuse prompt filing." Noticeably missing from the State's response to the magistrate judge's order, however, was any "evidence or information" that a copy of the AEDPA was available to Egerton at any of the facilities where he was held. As the magistrate judge explained:

> [The State] failed to provide the Court with any evidence whatsoever that the Choice Moore Unit did, in fact, have the AEDPA in its law library during the period in question. [The State] has also failed to provide the Court with any information as to when the statute was received by the Choice Moore Unit. Further, [the State] has failed to rebut petitioner's argument that the AEDPA was not available to him at the Choice Moore Unit or otherwise.

The magistrate judge held that there was "*no evidence* to support a finding that [Egerton] had actual knowledge of the AEDPA prior to the expiration of limitations on April 24, 1997." The district court overruled the State's objections and entered an order adopting the magistrate judge's findings on remand.

This Court then granted a second COA to determine "whether the inadequacy of [Egerton's] prisons' law libraries constituted a state created impediment under § 2244(d)(1)(B)." For the following reasons, we vacate the district court's dismissal and remand for further proceedings in accordance with this opinion.

## DISCUSSION

In a federal habeas corpus case, we review the district court's findings of fact for clear error, but decide any questions of law *de novo*. Bernard v. Collins, 958 F.2d 634, 636 (5th Cir. 1992).

The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. 28

4

U.S.C. § 2244(d)(1). The limitations period usually begins to run when the state court judgment becomes final after direct appeal, or the time for seeking such review expires. Id. § 2244(d)(1)(A). For prisoners like Egerton, whose state convictions became final before the AEDPA was passed, the limitations period commenced on the AEDPA's effective date, April 24, 1996. See United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998). Thus, absent statutory or equitable tolling, Egerton had until April 24, 1997, to file a petition under § 2254.

Section 2244(d)(1)(B) provides for statutory tolling as follows:

A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
. . .
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
. . .

In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law. This Court has also recognized that the AEDPA's limitations period is not jurisdictional and is subject to equitable tolling. Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is appropriate, however, only in "rare and exceptional circumstances." Id.

Egerton argues that he was prevented by the State from seeking direct review and post-conviction relief in state court, and prevented from seeking federal habeas relief due to inadequate library facilities. He claims that the inadequate libraries constituted a "state created impediment," thereby tolling the AEDPA limitations period. The State maintains that Egerton's allegations with regard to the inadequacy of the law libraries are insufficient to justify statutory tolling as a state-created impediment under § 2244(d)(1)(B). In support of its position, the State relies on Scott

5

v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000), and Felder v. Johnson, 204 F.3d 168, 171-72 (5th Cir. 2000).

The State's reliance on Scott is misplaced. In Scott, this Court did not consider whether the inadequacy of a prison library constituted a state-created impediment to justify statutory tolling under § 2244(d)(1)(B). Instead, this Court restricted its analysis to equitable tolling because the petitioner argued that the inadequate law library was a state-created impediment under the equitable tolling doctrine. Scott, 227 F.3d at 263. We concluded that the petitioner had not diligently pursued relief because the "impediment" was removed six months prior to the expiration of the limitations period and he had not timely sought relief. Id. We also noted that "an inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling." Id. at n.3 (citation omitted).

The Court in Felder addressed both equitable and statutory tolling doctrines. In Felder, the petitioner advanced an equitable tolling argument that inadequacies in the law library prevented him from discovering the AEDPA's limitations period. 204 F.3d at 169 & n.1. We not only rejected this equitable tolling argument, but also determined that the petitioner could not rely on § 2244(d)(1)(B), the state-created impediment exception, because he had filed his petition prior to obtaining a copy of the AEDPA. Id. at 171 n.9 ("His filing his petition prior to . . . the time he alleges he had access to AEDPA, would also appear to make § 2244(d)(1)(B) unavailable to Felder."). The Court further stated that "[n]one of [the petitioner's] circumstances, and particularly not his ignorance of the law, can be said to be on a par with those conditions [listed in § 2244(d)(1)(B),(C), and (D)]." Id. at 172-73.

This case is distinguishable from Felder, with regard to statutory tolling, in one very important

6

respect - Egerton did not file his habeas petition prior to obtaining a copy of the AEDPA. Thus, unlike in Felder where it was apparent that the inadequate law library did not prevent the petitioner from filing a petition, Egerton did not file his state or federal habeas petitions until after he was transferred to the Rufe Jordan Unit where he claims an adequate law library was available. Thus, we find that the holding in Felder is not dispositive of our resolution of Egerton's statutory tolling claim. Cf. Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (finding that the unavailability of the AEDPA in a prison law library may create an "impediment" for purposes of § 2244(d)(1)(B)).

In ordering the limited remand to determine "whether Egerton was aware of the existence of AEDPA prior to the expiration of the one year limitation period," this Court cited to Balawajder v. Johnson, No. 99-10807 (5th Cir. Apr. 5, 2001) (unpublished) in which this Court found that the lack of a copy of the AEDPA in a prison library was not a state-created impediment under § 2244(d)(1)(B) when the petitioner knew of the AEDPA's existence.[3] In Balawajder, the petitioner knew of the existence of the AEDPA as evidenced by his affirmative request for a copy of the AEDPA and the fact that the warden had advised him to request the statute from a state library in Austin. Id. at 2-3. Thus, the Court had "no occasion to decide whether § 2244(d)(1)(B) might be invoked by the absence of the AEDPA from a prison library where the prisoner remains actually ignorant of the very existence of the statute" because the petitioner in Balawajder "knew that the AEDPA existed and that it imposed a statute of limitations." Id. at 3.

Our previous remand in this case instructed the district court to determine "whether Egerton

---

[3] Unpublished opinions generally are not precedent. However, under FIFTH CIRCUIT RULE 47.5.4, unpublished opinions issued on or after January 1, 1996 may be persuasive.

was aware of the existence of AEDPA prior to the expiration of the limitations period." The magistrate judge specifically instructed the State to file a pleading setting forth "any evidence or information which bears upon the issue remanded." The record reflects that the State did not avail itself of this opportunity to provide the magistrate judge <u>any evidence whatsoever</u> that a copy of the AEDPA was available to Egerton during the limitations period, nor did it argue to this Court that the AEDPA was available at the Choice Moore Unit or otherwise. Accordingly, the district court found "<u>no evidence</u> to support a finding that [Egerton] had actual knowledge of the AEDPA prior to the expiration of limitations on April 24, 1997." (emphasis in original). Although analysis under § 2244(a)(1)(B) is highly fact dependent, <u>Whalem/Hunt</u>, 233 F.3d at 1148, we are persuaded that further remand for additional fact determinations is unnecessary in this case. Unlike in <u>Balawajder</u>, the issue squarely before the Court today is whether absence of the AEDPA from the prison law library invokes § 2244(a)(1)(B).

The State argues that because it did not take any "affirmative action" to prevent Egerton from filing his application, § 2244(d)(1)(B) does not apply. Section 2244(d)(1)(B) provides, in relevant part, that the limitations period begins to run on "the date on which the impediment to filing an application *created* by State action . . . is removed, if the applicant was prevented from filing by such State *action*." § 2244(d)(1)(B) (emphasis added). We find that the State's contention that an "affirmative action" must be taken to impede the filing of a habeas application, and that failure to provide an adequate law library is not such an affirmative action, is unpersuasive. The State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court, including the newly imposed statute of limitations, is just as much of an impediment as if the State were to take

8

"affirmative steps" to prevent the petitioner from filing the application. The absence of all federal materials from a prison library (without making some alternative arrangements to apprise prisoner's of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access to the courts. Bounds v. Smith, 430 U.S. 817 (1977) (requiring adequate prison law libraries or some alternative means of informing prisoners about their legal rights and options); Lewis v. Casey, 518 U.S. 343 (1996) (narrowing Bounds to require only such legal information as relates to challenging the prisoners' convictions and conditions of confinement). Accordingly, a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render Egerton's petition time-barred, constitutes an "impediment" for purposes of invoking § 2244(d)(1)(B).

## CONCLUSION

We conclude that an inadequate prison law library may constitute a state created impediment that would toll the AEDPA's one-year limitations period pursuant to § 2244(d)(1)(B). For the reasons stated above, we conclude that Egerton's one-year limitation period under the AEDPA did not begin to run until March 17, 1998, when Egerton was transferred to a facility where a copy of the AEDPA was available. Accordingly, we VACATE the district court's dismissal of Egerton's claim as time-barred and REMAND for further proceedings in accordance with this opinion. VACATE and REMAND.