United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50234
Summary Calendar

BART CASTRO

Petitioner - Appellant

v.

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CV-270-SS
--------------------

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

Following a jury trial, Bart Castro, Texas prisoner number 842522, was convicted of murder and sentenced to serve 55 years in prison. Castro file a 28 U.S.C. § 2254 habeas corpus petition to challenge this conviction, and the district court dismissed his habeas corpus petition as untimely. This court granted Castro a certificate of appealability on the issue whether he should receive statutory and equitable tolling for the period that his first state habeas application, which was returned to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

him because it was not in the proper form, was pending.  The instant appeal ensued.

Castro has not shown that he was prevented from timely filing a 28 U.S.C. § 2254 petition due to exceptional circumstances that were out of his control or because he was affirmatively misled.  See Felder v. Johnson, 204 F.3d 168, 170-71 (5th Cir. 2000); Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999).  He likewise has not established that he diligently pursued relief.  See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).  Consequently, Castro has not shown that the district court abused its discretion in determining that he was not entitled to equitable tolling.  See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

Castro also has not shown that his failure to timely file his 28 U.S.C. § 2254 petition was due to a state-created impediment that implicated the Constitution or other federal law.  See 28 U.S.C. § 2244(d)(1)(B); Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003).  He thus has not established that he is entitled to statutory tolling.  He likewise has not shown that the district court erred in dismissing his 28 U.S.C. § 2254 habeas corpus petition as untimely.  The judgment of the district court is AFFIRMED.