**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 27, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

NOAH Q. HILL,

      Petitioner-Appellant,

v.

RANDY WORKMAN, Warden,

      Respondent-Appellee.

No. 04-6351

(W.D. Oklahoma)

(D.C. No. CIV-04-894-F)

**ORDER**

Before **EBEL**, **MCKAY**, and **HENRY**, Circuit Judges.

Noah Q. Hill, an Oklahoma state prisoner proceeding pro se, seeks a
certificate of appealability ("COA") to appeal the district court's decision
dismissing as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus.
He also seeks leave to proceed in forma pauperis ("IFP"). We deny Mr. Hill's
application for a COA, deny his request to proceed IFP, and dismiss this appeal.

**I. BACKGROUND**

On November 20, 1995, Mr. Hill pleaded guilty in Oklahoma County
district court to first-degree murder and robbery with firearms. On November 20,

1995, the court sentenced him to a term of life imprisonment without parole and a consecutive term of fifteen years' imprisonment. Mr. Hill did not appeal his convictions or sentences. However, on April 21, 2004, he filed an application for post-conviction relief in the Oklahoma County district court. The Oklahoma County court denied the application, and, on June 22, 2004, the Oklahoma Court of Criminal Appeals affirmed that decision.

On July 14, 2004, Mr. Hill delivered to prison officials a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, he alleged that he had received ineffective assistance of counsel in violation of his Sixth Amendment rights because his attorney had failed to present mitigating evidence at sentencing and had failed to file a direct appeal.

The federal district court received Mr. Hill's petition on July 19, 2004, and referred the matter to a magistrate judge. The magistrate judge concluded that Mr. Hill's petition was untimely and recommended dismissal. Mr. Hill objected to that recommendation, but the district court agreed with the magistrate judge and dismissed Mr. Hill's petition as time-barred.

## II. DISCUSSION

To obtain a COA, Mr. Hill must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Mr. Hill may make this

showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." Id. at 338.

Mr. Hill also seeks to proceed IFP in this appeal. In order to succeed on a motion to proceed IFP, Mr. Hill must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action. See DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir. 1991) (addressing IFP status requirements on appeal).

Here, the decision whether to grant a COA turns on the application the one-year statute of limitations for § 2254 actions, established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1), a habeas corpus petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an

application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

As we have noted, Mr. Hill pleaded guilty on November 20, 1995. He did not seek to withdraw the guilty pleas or otherwise appeal his convictions. Thus, his convictions became final on November 30, 1995, ten days after the entry of judgment and sentence. See OKLA. STAT. tit. 22, § 1051. Absent the removal of some impediment to filing, a Supreme Court decision made retroactive to cases on collateral review, the discovery of a factual predicate, see 28 U.S.C. § 2244(d)(1)(B)–(D), or the tolling of the limitations period, see 28 U.S.C. § 2244(d)(2), Mr. Hill had until April 24, 1997 (one year after AEDPA's effective date) to timely file his § 2254 petition. See United States v. Hurst, 322 F.3d 1256, 1260 (10th Cir. 2003) (establishing April 24, 1997 as end of statutory grace period); United States v. Simmonds, 111 F.3d 737, 746 (10th Cir. 1997) (creating grace period beginning on April 24, 1996), overruled on other grounds by Hurst, 111 F.3d at 1260. However, Mr. Hill did not file his § 2254 petition until over seven years later.

-4-

As in the district court proceedings, Mr. Hill argues that the one-year limitations period should be equitably tolled. He contends that a copy of 28 U.S.C. § 2244 was not available to him in any of the facilities in which he was incarcerated and that as a result, he was not aware of AEDPA's statute of limitations. He adds that it was not until he received the magistrate judge's report and recommendation that he learned that there were time limits on the filing of a habeas corpus petition.

Mr. Hill also invokes the Fifth Circuit's decision in Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2005). There, the court concluded that "[t]he State's failure to make available to a prisoner the AEDPA, which sets forth the basic procedural rules the prisoner must follow in order to avoid having his habeas petition summarily thrown out of court [constituted] an impediment" under § 2244(d)(1)(B). Id. at 438. Accordingly, the court held that the one-year limitations period did not begin to run until the petitioner was transferred to a facility where a copy of AEDPA was available.

In this circuit, equitable tolling is only warranted in "rare and exceptional circumstances." York v. Galetka, 314 F.3d 522, 527 (10th Cir. 2003). For example, "[e]quitable tolling would be appropriate . . . when a prisoner is actually innocent" or "when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing." Gibson v. Klinger, 232

F.3d 799, 808 (10th Cir. 2000). However, "[s]imple excusable neglect is not sufficient." Id. Moreover, equitable tolling applies only "when an inmate diligently pursues his claims." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Absent such diligence, "a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." Gibson, 232 F.3d at 808; Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 2000) (noting that "[the petitioner] has provided no specificity regarding the alleged lack of access [to AEDPA]" and that "[i]t is not enough to say that [a particular correctional] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate" and therefore concluding that equitable tolling of the limitations period was not warranted).

We agree with the district court that Mr. Hill has not met this circuit's standard for equitable tolling. More than eight years elapsed between the imposition of Mr. Hill's sentence in November 1995 and the filing of his state post-conviction action in April 2004, and he offers no explanation of this long delay. Moreover, by Mr. Hill's own account, he filed his state post-conviction action when he was still unaware of AEDPA, and the fact that he was able to do so undermines the proposition that a lack of access to AEDPA caused the delay in filing his § 2254 petition. See id. (noting that "the claims [the petitioner] sought to raise are similar to those raised in his direct appeal and motion for state

postconviction relief, thereby undercutting his argument that lack of access caused his delay").[1]

## II. CONCLUSION

Accordingly, we DENY Mr. Hill's application for a COA, DENY his request to proceed IFP, and DISMISS this appeal.

Entered for the Court

Robert H. Henry
Circuit Judge

---

[1] We also note that the Fifth Circuit case on which Mr. Hill relies is distinguishable in important respects. There, the petitioner alleged that within the eight an a half month period following the imposition of his sentence, he filed numerous requests for legal materials but was informed by prison officials to cease filing these requests because law library privileges were unavailable to prisoners in his housing unit. Egerton, 334 F.3d at 435. Moreover, unlike Mr. Hill, the petitioner did not file a state post-conviction proceeding until after he learned about AEDPA. Id. Thus, the prejudicial effect of the lack of access to AEDPA was supported by the record in a manner that is lacking here.