United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 1, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-60141
Summary Calendar

_____

RONNIE JOHNSON,

Petitioner-Appellant,

versus

DOLAN WALLER,

Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-475-BN
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Ronnie Johnson, Mississippi prisoner # R5181, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition as time-barred. See 28 U.S.C. § 2244(d). He argues that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(B) and/or equitable tolling. See Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Inmate Request Forms attached to Johnson's objections to the magistrate judge's report and recommendation indicate that Johnson was diligently attempting to file or to determine how to file a federal habeas petition. Johnson's diligence puts him within the purview of Egerton v. Cockrell, 334 F.3d 433 (5th Cir. 2003), a case decided within days of the report and recommendation. The emphasis that Egerton placed on a petitioner's diligence was not present in Felder v. Johnson, 204 F.3d 168 (5th Cir. 2000), on which the district court apparently relied, or in Fisher v. Johnson, 174 F.3d 710, 715 (5th Cir. 1999), another instructive case. See Egerton, 334 F.3d at 435. Given the close proximity of the issuance of Egerton to the issuance of the report and recommendation, it appears that the district court was unaware of the consideration to be given Johnson's diligence and his lack of meaningful access to a law library, and thereby abused its discretion in dismissing Johnson's petition as time-barred. See Fisher, 174 F.3d at 713.

Accordingly, the district court's judgment is VACATED, and this case is REMANDED for further proceedings consistent with this opinion. Given that both parties have attempted to introduce for the first time in this court evidence that was not before the district court, the district court may find it appropriate to conduct a hearing on factual issues relevant to the timeliness of Johnson's § 2254 petition.

VACATED AND REMANDED.