United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41253
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DWIGHT RAVEN, also known as Red,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:01-CV-779
USDC No. 3:95-CR-10-1
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Michael Dwight Raven, federal prisoner # 46219-079, appeals
the denial of his FED. R. CIV. P. 60(b) motion requesting that the
district court set aside its order dismissing as time-barred his
28 U.S.C. § 2255 motion. We reject the Government's contention
that the Rule 60(b) motion should have been treated as a second
or successive § 2255 motion. Cf. Gonzalez v. Crosby, 125 S. Ct.
2641, 2648 (2005) (holding, in 28 U.S.C. § 2254 context, that
when a Rule 60(b) motion attacks "some defect in the integrity of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

the federal habeas proceedings," such as alleging that the district court misapplied the statute of limitations, the motion is not the equivalent of a successive habeas application and should not be construed as such).

We review the district court's denial of a Rule 60(b) motion for abuse of discretion. Dunn v. Cockrell, 302 F.3d 491, 492 (5th Cir. 2002). Raven has not shown that he was prevented from filing a timely § 2255 motion due to an impediment created by governmental action. See Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003); § 2255(2). Because the district court did not abuse its discretion, the order denying Raven's Rule 60(b) motion is AFFIRMED.