In the

# United States Court of Appeals
## For the Seventh Circuit

———————

No. 05-1118

ALLAN O. MOORE, SR.,

*Petitioner-Appellant*,

*v.*

DEIRDRE BATTAGLIA, WARDEN,

*Respondent-Appellee.*

———————

Appeal from the United States District Court
for the Central District of Illinois.
No. 03 C 1055—**Michael M. Mihm**, *Judge.*

———————

ARGUED OCTOBER 19, 2006—DECIDED FEBRUARY 12, 2007

———————

Before RIPPLE, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge.* Allan Moore filed a petition for
a writ of habeas corpus in federal court challenging his
conviction in Illinois state court. The district court dis-
missed the petition as time-barred. Moore appeals, argu-
ing that the deadline for filing his petition should have
been tolled because of an inadequate prison library,
which allegedly did not contain the relevant statute of
limitations. Because the factual record is insufficiently
developed, we vacate the district court's dismissal and
remand for further proceedings.

**I.**

In 1994, an Illinois jury convicted Allan Moore of three counts of aggravated kidnaping, and he received a sentence of thirty years in prison. On Moore's direct appeal, the Illinois courts affirmed the conviction and sentence. Moore then filed his first petition for post-conviction relief in state court, which was denied. The Illinois Supreme Court denied Moore's petition for leave to appeal that first petition on December 4, 1996. Moore filed another petition, which was similarly unsuccessful. The Illinois Supreme Court denied the petition for leave to appeal that petition on December 2, 1998.

Turning to the federal courts, Moore filed his first habeas corpus petition on December 30, 1999. *Moore v. Attorney General of Illinois*, No. 99-1407 (C.D. Ill. filed Dec. 30, 1999). That petition, however, was dismissed without prejudice for failure to prosecute on April 21, 2000. Almost three years later, Moore sent the district court a letter claiming newly discovered information surrounding his case. The court received the letter on February 19, 2003. After further correspondence, the district court judge directed the clerk to send to Moore the proper forms for filing a petition under 28 U.S.C. § 2254. Moore mailed the completed forms on March 5, 2003, and the clerk filed the petition on March 12, 2003.

In his petition, Moore alleged four[1] grounds for relief: (1)

---

[1] Moore's original petition before the district court appears to allege a fifth ground: "there's no positive [i]dentification of Petitioner on record . . . . Although [a] description was given, the [j]udge at no time [let the record] reflect the identification." The

(continued...)

his trial counsel's alleged actual conflict of interest with his co-defendant; (2) the state court's alleged failure to advise Moore of the terms of mandatory supervised release; (3) the state's use of evidence obtained as a result of an allegedly unlawful arrest; and (4) the denial of jury instructions on a lesser included offense. The district court ordered Moore to demonstrate the timeliness of his petition. Moore responded by providing the Illinois Supreme Court's orders dated December 4, 1996 and December 2, 1998. Without any state response, the district court dismissed Moore's first, third, and fourth claims with prejudice as time-barred on April 22, 2003. The district court dismissed Moore's second ground for relief, which challenged his supervised release, as frivolous and unripe.

Moore requested that the district court reconsider its ruling, identifying another state court post-conviction petition that had been denied on January 31, 2002, and stating that he was unaware of his particular legal rights since "[t]he law library here have [sic] been misleading me in the wrong direction." The district court denied the motion for reconsideration, concluding that the petition was still untimely even considering the January 31, 2002 denial of post-conviction relief. Undeterred, Moore sought

---

(…continued)

district court's orders discussed only the first four grounds, and Moore characterizes his petition as containing only four claims on appeal. Because Moore did not address this omission in his opening brief or in seeking a certificate of appealability, it is forfeited. *J.S. Sweet Co. v. Sika Chem. Corp.*, 400 F.3d 1028, 1035 n.2 (7th Cir. 2005) (citing *Employers Ins. of Wausau v. Browner*, 52 F.3d 656, 665-66 (7th Cir. 1995)); *see also* Fed. R. App. P. 28(a)(9)(A); 28 U.S.C. § 2253(c)(3).

a certificate of appealability on the district court's ruling that his claims were time-barred. In this filing, Moore more explicitly claimed that the library in his prison was inadequate and impeded his pursuit of his claims. The district court granted a certificate of appealability for the claims it had deemed time-barred and Moore appealed.

While on appeal, the district court requested a remand of the case to amend its analysis. We remanded the case. On remand, the district court then entered an amended order denying Moore's motion for reconsideration, concluding again that Moore's petition was time-barred. In particular, the district court corrected some errors in the calculation of the deadlines. The district court again granted a certificate of appealability regarding whether the claims were time-barred. Moore again appeals.

## II.

On appeal, now with the assistance of counsel, Moore argues that the district court improperly dismissed his petition as time-barred because he is entitled to equitable and statutory tolling due to an inadequate prison law library. We review a district court's dismissal of a habeas corpus petition de novo. *Moore v. Knight*, 368 F.3d 936, 938 (7th Cir. 2004) (citation omitted).

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "which imposed a 1-year statute of limitations for filing a federal habeas corpus petition." *Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing 28 U.S.C. § 2244(d)(1)). Under the statute, "a person in custody pursuant to the judgment of a State court" must file his petition within a "1-year period of limitation." 28 U.S.C. § 2244(d)(1). As a state prisoner, the statute

applies to Moore, but Moore concedes that his petition was not filed within the required one-year period. The one-year period is tolled, however, if the state creates an impediment to filing a petition: "The limitation period shall run from the latest of . . . the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." *Id*. Moore also claims that he deserves equitable tolling of the limitation period, which is warranted if "extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (citation omitted); *see also Williams v. Sims*, 390 F.3d 958, 959-64 (7th Cir. 2004).

Regarding statutory tolling, Moore argues that the inadequate prison library constituted a state-created impediment to his filing a petition. This circuit previously stated, "[a]lthough neither § 2244 nor this circuit has defined what constitutes an 'impediment' for purposes of § 2244(d)(1)(B), the plain language of the statute makes clear that whatever constitutes an impediment must prevent a prisoner from filing his petition." *Lloyd v. VanNatta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original). The Seventh Circuit has yet to decide whether an inadequate library is grounds for statutory tolling as a state-created impediment. The Fifth and Ninth Circuits have addressed this issue; both have held that inadequate law libraries may, but do not necessarily, constitute an impediment qualifying for tolling under section 2244(d)(1)(B). *See Egerton v. Cockrell*, 334 F.3d 433, 438 (5th Cir. 2003); *Whalem/Hunt v. Early*, 233 F.3d 1146 (9th Cir. 2000) (en banc).

In *Egerton*, the petitioner filed his petition after the one-year period, and the state moved to dismiss the petition. In response, the petitioner claimed that he had inadequate prison library facilities that "lacked the federal materials necessary for him to pursue habeas relief." *Egerton*, 334 F.3d at 435. The district court found no basis for statutory or equitable tolling and dismissed the petition as untimely. The Fifth Circuit remanded the case to develop further the record. *Id.* On remand, the magistrate judge found that "there was 'no evidence to support a finding that [petitioner] had actual knowledge of the [statute of limitations] prior to the expiration.' " *Id.* at 436. In particular, the magistrate judge noted that the state did not provide any evidence regarding whether the library contained the statute of limitations. *Id.* With this enhanced record, the Fifth Circuit confronted the question of "whether absence of the [statute of limitations] from the prison law library invokes" statutory tolling under 28 U.S.C. § 2244(d)(1)(B). *Id.* at 438. The Fifth Circuit concluded that "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [the petitioner's] petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244[(d)](1)(B)." *Id.* at 438-39.

Similarly, in *Whalem/Hunt*, the petitioner filed his petition after the one-year period, and the state moved to dismiss the petition. In response, the petitioner submitted a declaration "that the law library of the prison in which he is incarcerated did not have legal materials describing" the statute of limitations until after his year had expired. *Whalem/Hunt*, 233 F.3d at 1147. The district court determined that the petition was untimely and that

no tolling was warranted. *Id.* at 1148. The Ninth Circuit reversed, stating that "[w]e do not agree with the district court that there are no circumstances consistent with petitioner's petition and declaration under which he would be entitled to a finding of an 'impediment' under § 2244(d)(1)(B) or to equitable tolling." *Id.* The Ninth Circuit further stated that "[o]n the present record, however, we cannot go farther." *Id.* The district court had not conducted an evidentiary hearing or solicited a response from the state regarding the contents of the prison library. *Id.* Noting that the issues of whether a state-created impediment or grounds for equitable tolling existed "are highly fact-dependent," the court concluded that it could not determine whether there were grounds for tolling under a limited record. *Id.* Accordingly, the Ninth Circuit remanded for further proceedings "to develop the facts and assess their legal significance." *Id.* A concurring opinion clarified that

> [w]e cannot tell, . . . on this record, precisely what the factual circumstances were regarding [petitioner's] ability or inability to learn of the . . . one-year statute of limitations. Nor can we determine the connection, if any, between [petitioner's] late-filing of his petition and any legal research difficulties affecting him while in prison.

*Id.* at 1149 (Tashima, J., concurring).

Like the proceedings in the Ninth Circuit and the initial proceedings in the Fifth Circuit, this case presents us with a limited factual record, particularly because the district court did not require the state to respond to the petition. We cannot glean from the record whether the prison library contained the relevant statute of limitations. Although Moore does not unequivocally assert that the

library lacked the statute of limitations, he does assert that there are "no lawbooks in [his] cell nor are they letting us go to the maximum Law Library for Federal Habeas Corpus for State Prisoner's [sic]." Moore also claims that the books that are available are "real old," irrelevant to his needs, and that the law has changed from that available in the library. The state never had an opportunity to respond to this contention. The record thus does not establish whether the prison library was adequate. Accordingly, just as the Fifth and Ninth Circuits proceeded, we consider it premature to answer the question of whether an inadequate library provides a basis for statutory or equitable tolling. If, on remand, the district court determines that the library contained a copy of the statute of limitations and the state did not prevent Moore from accessing the statute, there would be no need to reach the further legal question regarding tolling. We therefore express no opinion at this time regarding whether an inadequate prison library may provide a basis for statutory or equitable tolling.

### III.

Because the factual record is insufficiently developed, we VACATE the district court's dismissal and REMAND for further proceedings.

No. 05-1118                                                                    9

A true Copy:

      Teste:

_____

*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*
