IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 4, 2007

Charles R. Fulbruge III
Clerk

No. 05-61135
Summary Calendar

MARCUS DESHAWN HOWARD

Petitioner-Appellant

v.

CHRISTOPHER B EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS

Respondent-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:04-CV-96

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Marcus Deshawn Howard, Mississippi inmate # R1192, appeals the dismissal of his 28 U.S.C. § 2254 petition in which he challenged his conviction for murder. The district court dismissed Howard's petition as time-barred under the Antiterrorism and Effective Death Penalty Act (AEDPA).

Howard argues that he is entitled to statutory and/or equitable tolling under AEDPA because materials supplied to him by the prison's inmate legal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance program confused him. This court granted Howard a certificate of appealability because the record was not clear whether Howard received only page one of "A Basic Explanation of the Appeals Process," which arguably could have led him to believe that he had three years to seek both postconviction and federal habeas relief.

Howard's statements in the instant appeal establish that he received a "corrected packet" in February 2002 and that it set forth a one-year limitations period for filing the instant § 2254 petition. The prison's failure to provide Howard with information relative to AEDPA's limitations period until February 2002 constituted an impediment to his filing a timely § 2254 petition. See Egerton v. Cockrell, 334 F.3d 433, 438-39 (5th Cir. 2003). Therefore, he is entitled to statutory tolling. See id. at 436. The one-year limitations period began when he received the packet. See 28 U.S.C. § 2244(d)(1)(B).

Howard does not state and the record does not state what day in February Howard received the corrected packet. If he is given the benefit of the doubt, he received the corrected packet on February 28, 2002. Absent statutory tolling, he had until February 28, 2003, to file the instant petition. See § 2244(d)(1)(A). Howard's state habeas petition was pending from October 31, 2002, until April 10, 2003, and therefore tolled the limitation period. He then had until August 9, 2003, to file a timely § 2254 petition. See § 2244(d)(2); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998). His petition, filed May 20, 2004, was therefore untimely.

Howard's argument that he is entitled to equitable tolling because the information he received from the Inmate Legal Assistance program confused him is unavailing. See Cousin v. Lensing, 310 F.3d 843, 848-49 (5th Cir. 2002). Moreover, Howard did not diligently pursue § 2254 relief given that he waited more than a year from the date that he asserts he actually determined the limitations period to file the instant petition. See Coleman v. Johnson, 184 F.3d 398, 403 (5th Cir. 1999).

Accordingly, the district's court dismissal of Howard's § 2254 petition as time-barred is AFFIRMED.