FILED
United States Court of Appeals
Tenth Circuit

December 10, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JERRY L. WILLIAMS,

        Petitioner-Appellant,

    v.

AL ESTEP, L.C.F. Warden; and JOHN
W. SUTHERS, Attorney General of
the State of Colorado,

        Respondents-Appellees.

No. 07-1252

District of Colorado

(D.C. No. 04-CV-01579-WDM-PAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE**, **EBEL**, and **McCONNELL**, Circuit Judges.

---

Jerry L. Williams, a state prisoner proceeding *pro se*, seeks a certificate of

appealability (COA) that would allow him to appeal from the district court's order

denying his habeas corpus petition under 28 U.S.C. § 2254. *See* 28 U.S.C. §

2253(c)(1)(A). Because we conclude that Mr. Williams has failed to make "a

substantial showing of the denial of a constitutional right," we deny his request

for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

**Background**

In 1991, Mr. Williams was convicted of first degree sexual assault and first degree burglary, and sentenced to concurrent twenty-four-year terms. In July 2004, he filed a § 2254 petition with the United States District Court for the District of Colorado. The district court dismissed the petition as untimely because it was filed outside the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132 § 101, 110 Stat. 1214, 1217 (effective April 24, 1996). The district court entered a final judgment dismissing Mr. Williams' § 2254 petition on May 2, 2007.

Under Fed. R. App. P. 4(a)(1)(A), Mr. Williams' thirty-day deadline for filing a timely notice of appeal of this dismissal expired on June 1, 2007. Mr. Williams filed a "motion for extension of time" on May 29, 2007 and a notice of appeal on June 15, 2007. The "motion for extension of time" was denied by the district court. A court is permitted to construe a motion for extension of time as a timely filed notice of appeal if the motion includes the requisite elements of a notice of appeal under Fed. R. App. P. 3(c)(1). *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1227 (10th Cir. 2001); *United States v. Smith*, 182 F.3d 733, 735–36 (10th Cir. 1999). Mr. Williams' "motion for extension of time" specifies the party taking the appeal, the order being appealed, and the court to which the appeal is taken as required by Rule 3(c)(1). Therefore, we may treat the motion

as a timely notice of appeal and exercise appellate jurisdiction to consider Mr. Williams' request for a COA.

### Discussion

The denial of a motion for relief under 28 U.S.C. § 2254 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). In order to make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). We conclude that there is no room for reasonable debate as to the untimeliness of Mr. Williams' § 2254 petition.

Under AEDPA, a state prisoner must file a federal habeas petition within one year after his judgment of conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). However, for prisoners whose convictions were final before AEDPA's enactment, the limitations period runs from AEDPA's effective date, April 24, 1996. *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001). The one-year period is tolled during the time a properly filed state post-conviction motion is pending, 28 U.S.C. § 2244(d)(2), or "during the period in which the

petitioner could have sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).

Because Mr. Williams was convicted before AEDPA's effective date, the one-year time period during which Mr. Williams may have filed a timely habeas appeal began to run on April 24, 1996. This period was tolled several times while the Colorado courts considered Mr. Williams' petitions for post conviction relief: from October 25, 1994 to October 6, 1997; from March 11, 1998 to April 14, 1998; from August 21, 2000 to April 29, 2002; and from June 11, 2002 to January 20, 2004. However, even disregarding the tolled periods, more than one year passed between the date that Mr. Williams' conviction became final and July 19, 2004, when Mr. Williams filed this petition.

Mr. Williams contends that the one-year period began to run not on April 24, 1996, but on June 26, 2000, the date that the United States Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Section 2244(d)(1)(C) provides that the one-year limitations period commences on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." This argument is foreclosed here because we have held that *Apprendi* is not retroactively applicable to initial habeas petitions. *See United States v. Mora*, 293 F.3d 1213, 1219 (10th Cir. 2002).

Mr. Williams also argues that his habeas petition is timely under 28 U.S.C. § 2244(d)(1)(B), because the law library at the Limon Correctional Facility ("LCF"), where he was incarcerated, was inadequate and was therefore a state-created impediment preventing Mr. Williams from filing his petition in a timely manner. Section 2244(d)(1)(B) states that the one-year limitation period commences on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the Untied States is removed, if the applicant was prevented from filing by such State action." Mr. Williams alleges that the LCF law library did not include a copy of AEDPA, which prevented him from learning of the one-year time limitation. However, even assuming this to be true, Mr. Williams does not identify a causal link between the library's failure to stock a copy of AEDPA and his inability to file a habeas petition within the appropriate time period. He does not allege that he sought to obtain a copy of AEDPA from the library. Indeed, the district court found that at the time Mr. Williams filed his § 2254 petition in 2004, he had no knowledge of AEDPA. Thus, even if the library collection had contained the statute (assuming it did not), it would not have availed Mr. Williams. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (reasoning that petitioner could

not rely on § 2244(d)(1)(B) because he filed his petition prior to obtaining a copy of AEDPA); *see also Hill v. Workman*, 141 F. App'x 754, 756 (10th Cir. 2005).[1]

Mr. Williams' equitable tolling claim also fails. Insufficient access to relevant law such as AEDPA is not a "rare and exceptional circumstance" sufficient to support equitable tolling. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Furthermore, Mr. Williams does not allege facts to show the due diligence in the pursuit of his federal habeas claims necessary to support equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

<u>**Conclusion**</u>

Accordingly, we **DENY** Mr. Williams' request for a COA and **DISMISS** this appeal.

Petitioner's motion to proceed *in forma pauperis* is also **DENIED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge

---

[1] We cite an unpublished decision not as authority, but because of its persuasive value.