**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 7, 2009

Charles R. Fulbruge III
Clerk

No. 07-20675
Summary Calendar

THADDEUS MICHAEL LOCKHART,

Petitioner–Appellant,

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent–Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CV-1139

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thaddeus Michael Lockhart, Texas prisoner # 265571, appeals from the district court's grant of summary judgment dismissing his 28 U.S.C. § 2254 application as time barred. Lockhart's application challenges the denial of credit for time that he served on parole following his conviction for aggravated robbery. We previously granted a certificate of appealability (COA) as to whether Lockhart's § 2254 application was timely filed.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lockhart argues that the limitations period should have been tolled pursuant to 28 U.S.C. § 2244(d)(1)(B) during the pendency of the four time credit disputes that he filed pursuant to TEX. GOV'T CODE ANN. § 501.0081. He contends that the requirement that he file the time credit disputes prior to bringing a state application for postconviction relief constitutes a state impediment to filing. He argues no other basis for tolling the limitations period for the time credit disputes. Lockhart's argument is without merit because he has not argued or shown that the required filing of a time credit dispute constitutes state action in violation of the Constitution or federal law. *See Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Accordingly, although we find that the district court erred in its time calculations, we AFFIRM the district court's dismissal of Lockhart's § 2254 application as time barred on the basis that he has not shown that he was entitled to tolling under § 2244(d)(1)(B) during the pendency of his time credit disputes.

Lockhart's motion for the appointment of counsel is DENIED. His motion to expedite the appeal is DISMISSED as moot.