FILED
United States Court of Appeals
Tenth Circuit

April 1, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JUAN CARLOS MUNOZ,

      Petitioner–Appellant,

v.

ERASMO BRAVO, Warden;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

      Respondents–Appellees.

No. 10-2267
(D.C. No. 6:10-CV-00654-RB-WPL)
(D.N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **GORSUCH**, and **MATHESON**, Circuit Judges.


Juan Carlos Munoz, a state prisoner proceeding pro se, seeks a certificate of

appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2254 habeas

petition. We deny a COA and dismiss the appeal.

**I**

Munoz was convicted in New Mexico state court of second degree murder,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

shooting at or from a motor vehicle, aggravated battery, and two counts of aggravated assault. He was sentenced to twenty-five years' imprisonment on December 16, 2002. Munoz's conviction was affirmed on direct appeal. The New Mexico Supreme Court initially granted certiorari, but quashed its grant on December 5, 2005. Munoz's convictions became final on March 6, 2006, when his time to file a petition for certiorari with the United States Supreme Court expired. See Sup. Ct. R. 13(1).

Munoz filed a state habeas petition on October 30, 2008. His petition was dismissed on April 29, 2010. He filed a petition for writ of certiorari seeking review of that dismissal from the New Mexico Supreme Court on May 13, 2010, which was denied on June 15, 2010.

On July 12, 2010, Munoz filed a § 2254 petition in the United States District Court for the District of New Mexico. In a section of his petition discussing the limitations period contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Munoz alleged that "[a]t the time of pending appeals from trial, the law library at [the two prisons in which he was held] did not have AEDPA legal information." After respondents argued that the petition was time barred, a magistrate judge ordered Munoz to address the timeliness issue. Munoz again noted that during the time he "was on direct appeal and at the commencement of post-conviction remedies," he was detained in prisons that lacked "AEDPA legal information."

A magistrate judge issued proposed findings recommending that Munoz's petition be denied as untimely. Munoz objected to the recommendation, claiming that he was

denied access to AEDPA-related legal materials "from June 10, 2003[,] until February 8, 2006." The district court adopted the magistrate judge's proposed findings, dismissed Munoz's petition, and denied COA. Munoz now seeks a COA from this court.

## II

Munoz may not appeal the district court's decision unless this court grants him a COA. 28 U.S.C. § 2253(c)(1)(A). We will grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, Munoz must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

AEDPA imposes a one-year time limit on habeas petitions filed by state prisoners. § 2244(d). The limitations period usually runs from the date a conviction became final—which in Munoz's case, was March 6, 2006. However, Munoz argues that his AEDPA limitations period is governed by § 2244(d)(1)(B), which begins the clock on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Munoz contends the absence of AEDPA-related legal materials in the prisons in which he was housed constituted an impediment to filing.

We need not reach the issue of whether the insufficiency of materials in a prison's legal library constitutes an impediment to filing within the meaning of § 2244(d)(1)(B).

See Egerton v. Cockrell, 334 F.3d 433, 438 (5th Cir. 2003) (absence of AEDPA in prison library is an impediment allowing for statutory tolling). But see Williams v. Estep, 259 F. App'x 69, 71-72 (10th Cir. 2007) (unpublished) (absent allegation of diligence in obtaining a copy of AEDPA, knowledge of AEDPA, or identification of causal link between library's deficiency and inability to file, statutory tolling is not implicated by prison library's failure to keep a copy of AEDPA).

Assuming § 2244(d)(1)(B) applies, Munoz did not allege that he was kept in a facility without access to AEDPA for a sufficient period to make his petition timely. In his objections to the magistrate judge's recommendation, Munoz claims that he was without access to AEDPA "from June 10, 2003[,] until February 8, 2006." This claim is consistent with the allegation in his petition that he was denied access to AEDPA "[a]t the time of pending appeals from trial."[1]

If the AEDPA limitations period began to run when the alleged impediment was removed on the date suggested by Munoz—February 8, 2006—it would have expired on February 9, 2007, which is well before Munoz filed his state or federal habeas petitions. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006) (pendency of state post-conviction proceedings tolls AEDPA statute of limitations, but only when "filed within the one year allowed by AEDPA").

---

[1] According to Munoz's petition, the New Mexico Supreme Court issued its mandate dismissing certiorari of his direct appeal on February 8, 2006.

For the same reason, Munoz cannot prevail on the basis of equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Even if we toll the period during which Munoz claims he was denied access to AEDPA, his petition would still be untimely.[2]

### III

Because his petition is time-barred, we **DENY** Munoz's request for a COA and **DISMISS** his appeal.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[2] Munoz also claimed in his response to the government's timeliness argument that he was denied access to AEDPA "at the commencement of post-conviction remedies." But it is the period between the completion of his direct appeals and the initiation of his state post-conviction proceedings that exhausted his AEDPA limitations period. For this time period, Munoz failed to allege he was denied access to AEDPA.