# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10680
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2014

Lyle W. Cayce
Clerk

GARY REEDER,

Petitioner–Appellant,

v.

KAREN EDENFIELD,

Respondent–Appellee.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:11-CV-13

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gary Reeder, federal prisoner # 31983-177, appeals from the order denying his petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Reeder challenges his conviction of money laundering conspiracy. He contends that he was innocent of money laundering conspiracy pursuant to *United States v. Santos,* 553 U.S. 507 (2008). He alleges that *Santos* was unavailable to him until the bound volume containing it arrived at the prison library in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

spring 2009, and that, therefore, he could not have amended his motion for relief under 28 U.S.C. § 2255, which was pending when *Santos* was decided, to include a *Santos* claim.  The Government moves for dismissal of Reeder's appeal as frivolous and Reeder moves for appointment of counsel.

In reviewing the denial of habeas relief under § 2241, this court reviews the district court's findings of fact for clear error and issues of law de novo. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001).  Section 2255 provides the primary means of collaterally attacking a federal sentence, and relief is granted for errors that occurred at trial or sentencing.  *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000).  Section 2241, on the other hand, is used to challenge "the manner in which a sentence is executed."  *Id.*  A petition filed under § 2241 that raises errors that occurred at or prior to sentencing should be construed as a § 2255 motion.  *Padilla v. United States,* 416 F.3d 424, 425-26 (5th Cir. 2005).  However, under the savings clause of § 2255, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained if the petitioner shows that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention.  *Jeffers,* 253 F.3d at 830; *see also* § 2255(e).  A prior unsuccessful § 2255 motion or the inability to meet the requirements for filing a successive § 2255 motion do not render the § 2255 remedy inadequate for purposes of the savings clause. *Tolliver,* 211 F.3d at 878.  To make a showing that § 2255 is inadequate or ineffective, the petitioner must show that (1) his claims are "based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense," and (2) his claims were "foreclosed by circuit law at the time when the claim[s] should have been raised in [his] trial, appeal, or first § 2255 motion."  *Reyes-Requena v. United States,* 243 F.3d 893, 904 (5th Cir. 2001).  The petitioner bears the burden of

No. 13-10680

affirmatively showing that the § 2255 remedy is inadequate or ineffective. *See Wesson v. United States Penitentiary Beaumont, TX,* 305 F.3d 343, 347 (5th Cir. 2002).

Reeder has not shown that his *Santos* claim was foreclosed when he should have raised it during his § 2255 proceeding. In the district court, though not in this court, Reeder alleged that the booklet containing *Santos* went missing after it arrived in the prison law library because it was taken by another prisoner and hidden in a locker. If this was so, then *Santos* was not made unavailable due to any deficiency in the prison law library that can be attributed to prison officials. *Cf. Egerton v. Cockrell,* 334 F.3d 433, 438 (5th Cir. 2003) (holding that the absence of the Antiterrorism and Effective Death Penalty Act from the prison law library constituted a state-created impediment for purposes of the one-year limitations period of 28 U.S.C. § 2244(d)); *Scott v. Johnson,* 227 F.3d 260, 263 n.3 (5th Cir. 2000) ("[A]n inadequate law library does not constitute a 'rare and exceptional' circumstance warranting equitable tolling."). Moreover, we discussed *Santos* sufficiently in December 2008 to alert Reeder to the holding of that case. *See United States v. Achobe,* 560 F.3d 259, 269-71 (5th Cir. 2008); *United States v. Brown,* 553 F.3d 768, 782-84 (5th Cir. 2008). Also, the issue in *Santos* had been addressed by other circuits, *see Santos v. United States,* 461 F.3d 886, 889-94 (7th Cir. 2006); *United States v. Grasso,* 381 F.3d 160, 166-69 (3d Cir. 2004), *vacated*, 544 U.S. 945 (2005), and the Supreme Court granted certiorari in *Santos* in 2007, *United States v. Santos,* 550 U.S. 902 (2007). Reeder has not shown that he needed a copy of *Santos* to be alerted to the issue in that case and that the Supreme Court had decided it. *See Wesson,* 305 F.3d at 347.

AFFIRMED.    MOTION TO DISMISS DENIED.    MOTION FOR APPOINTMENT OF COUNSEL DENIED.

3