United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60421
Summary Calendar

DONNELL THAMES,

Petitioner-Appellant,

versus

UNKNOWN WILSON, Mississippi Department of Corrections,
Superintendant,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:03-CV-898-WSu
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Donnell Thames, Mississippi prisoner # 61705, appeals the
district court's dismissal, as time-barred, of his 28 U.S.C.
§ 2254 petition.  Thames filed the petition in July 2003 to
challenge his 1995 jury trial conviction for possession of a
controlled substance with intent to sell, for which he is serving
a sentence of life imprisonment as a habitual offender.  A
certificate of appealability was granted on the issues whether
the limitation period should have been tolled due to a state-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

created impediment and whether the district court abused its discretion in dismissing the petition without granting leave to conduct discovery.  See Thames v. Cockrell, No. 04-60421 (Feb. 22, 2005) (unpublished).

Thames argues that a state-created impediment prevented him from pursuing post-conviction relief.  Specifically, he contends that libraries were closed in Mississippi prisons and that the Mississippi Inmate Legal Assistance Program (MILAP), which was instituted as a substitute for hardback libraries, did not provide adequate assistance.  The respondent argues that there was no state-created impediment to Thames's filing of a § 2254 petition.

"In order to invoke § 2244(d)(1)(B), the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).  "[A] state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement . . . constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)."  Id. at 439.

"[A]nalysis under § 2244(a)(1)(B) is highly fact dependent." Id. at 438.  The district court, over Thames's objections, adopted the magistrate judge's report and dismissed Thames's petition as time-barred without making factual findings.  Because the record is void of any findings regarding the materials

available to Thames for challenging his conviction, we cannot conclude that Thames was not prevented from filing his § 2254 petition by the existence of a state-created impediment. Accordingly, we vacate the judgment of the district court and remand for further proceedings, including the development of facts pertinent to the disposition of Thames's § 2254 petition.

Thames also contends that the district court erred in not permitting him to conduct discovery. He refers to a set of proposed interrogatories he submitted to the district court concerning the operation of the MILAP from September 1997 to August 1999. Decisions concerning discovery are within the sound discretion of the district court, and such decisions will be reversed only for an abuse of discretion. See Hill v. Johnson, 210 F.3d 481, 487 (5th Cir. 2000).

Because Thames's conviction became final in March 1998, and his § 2254 petition was not filed until July 2003, there is a possibility that Thames's § 2254 petition may be time-barred even if he was prevented from filing the petition for some period of time due to the existence of a state-created impediment. The state record reflects that Thames sought state post-conviction relief, which may entitle Thames to tolling under § 2244(d)(2), but the state record is not sufficient to conclusively show whether the limitations period had run. Absent more detailed fact findings we cannot conclude that the district court abused

its discretion in dismissing the petition without permitting the requested discovery.

VACATED AND REMANDED.