# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 13, 2010

Lyle W. Cayce
Clerk

No. 09-41290 c/w 09-41293
Summary Calendar

LYNN LEWIS FUNK,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 4:09-CV-510 USDC
No. 4:09-CV-543

Before KING, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Lynn Lewis Funk, Texas prisoner # 1275560, moves this court for a certificate of appealability (COA) to appeal the dismissals of his § 28 U.S.C. § 2254 applications as time barred. Funk sought to challenge his conviction in Cause No. F-2004-0307-C of two counts of indecency with a child and two counts of sexual assault and his conviction in Cause No. F-2004-0308-C of three counts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of indecency with a child. He has also filed motions for leave to proceed in forma pauperis (IFP) on appeal, to use the original record IFP, and to expedite consideration of his motion for a COA.

Funk argues that the limitations period should be statutorily tolled from the date his conviction became final until September 2008, thereby making his § 2254 applications timely. He also argues that his applications should be deemed timely based upon equitable tolling and actual innocence. The remainder of his brief is dedicated to arguments on the merits of his constitutional claims and arguments regarding procedural errors in the state habeas proceedings.

To obtain a COA, Funk must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). When the district court's denial of federal habeas relief is based on procedural grounds, as here, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Funk has not made the required showing on his equitable tolling and actual innocence claims. Accordingly, a COA is denied on these issues. See Slack, 529 U.S. at 484.

In Egerton v. Cockrell, 334 F.3d 433, 436-39 (5th Cir. 2003), this court considered whether denial of access to legal materials can constitute a state-created impediment pursuant to 28 U.S.C. § 2244(b)(2)(B). Egerton was denied access to a copy of § 2244(d)(1) for over two years because he was first housed in a unit that did not have library privileges and then was transferred to a unit that had inadequate library facilities. Id. at 435. This court concluded that the State's failure to provide "materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is

being used to render Egerton's petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)." Id. at 438-39. Whether a prisoner has demonstrated the existence of a state-created impediment is highly fact dependent. See id. at 438.

In verified objections to the magistrate judges's reports, Funk detailed his numerous housing assignments and asserted that, as a result of the inadequacies in the various prison libraries where he was housed, he was prevented from accessing the AEDPA until September 2008. The district courts overruled Funk's objections without making factual findings regarding the existence of a state-created impediment. Without factual findings regarding the materials available to Funk for challenging his conviction, this court cannot conclusively determine that Funk was not prevented from filing his § 2254 applications by the existence of a state-created impediment. See Thames v. Wilson, 179 F. App'x 241, 242-43 (5th Cir. 2006); see also Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir. 1997).

In light of the foregoing, Funk has made a showing that the correctness of the district court's procedural ruling concerning the existence of a state-created impediment is debatable. See Slack, 529 U.S. at 484. Because the procedural ruling is debatable, a COA should be granted if reasonable jurists could debate whether the district court pleadings, the record, and the COA motion contain a valid constitutional claim, or if those materials are unclear or incomplete. Houser v. Dretke, 395 F.3d 560, 562 (5th Cir. 2004).

The district courts dismissed Funk's § 2254 applications as time barred sua sponte, prior to service on the State, and without the benefit of a complete state court record. We express no opinion on the validity of Funk's ineffective assistance of counsel claims; the record is incomplete. Accordingly a COA is granted solely on the issue whether the statute of limitations was tolled due to a state-created impediment. The case is vacated and remanded for the district

courts to make findings whether a state-created impediment prevented Funk from timely filing his § 2254 applications.  See Houser, 395 F.3d at 562.

Funk's motion for leave to proceed IFP on appeal is granted.  His motions to use the original record IFP, and for expedited consideration of his motion for a COA are denied.

COA GRANTED in part; COA DENIED in part; IFP GRANTED; VACATED and REMANDED; REMAINING MOTIONS DENIED.