# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2011

Lyle W. Cayce
Clerk

No. 10-20013

MICHAEL ALVIN KRAUSE,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before JOLLY, ELROD, and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Michael Alvin Krause, Texas Prisoner # 1459103, has appealed the district court's determination that his federal petition for habeas corpus relief was time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See* 28 U.S.C. § 2244(d).  For the following reasons, we AFFIRM the judgment of the district court.

Krause was convicted on November 16, 2005, for possession of child pornography.  After his conviction was affirmed on appeal, he petitioned the Texas Court of Criminal Appeals for discretionary review, which was refused on October 31, 2007.  Krause filed a state habeas application on February 25, 2009.

No. 10-20013

That petition was denied on May 6, 2009.  Concurrently with his criminal trial and incarceration, Krause was also involved in litigation pursuant to 42 U.S.C. § 1983 related to his arrest and pre-conviction conditions of confinement.  His § 1983 suit was filed on April 15, 2005, and was dismissed on February 18, 2009.

Krause filed a federal habeas petition on May 21, 2009.  The Texas Department of Criminal Justice ("TDCJ") filed a motion to dismiss on the grounds that Krause's petition was time-barred.  Krause's conviction became final on January 29, 2008.[1]  Therefore, the TDCJ argued that Krause's federal habeas petition should have been filed no later than January 29, 2009.  In response, Krause argued: (1) that he believed that his § 1983 suit tolled the statute of limitations;[2] and (2) that from December 2007[3] until October 2008 he was confined in a state transfer facility with "a[n] extremely limited law library." He also stated that he was transferred to an institution with an adequate library in November 2008, following his petition for transfer "to a large prison unit with access to federal law books and Supreme Court reporters."

The district court found that Krause's one-year limitations period began on January 29, 2008, the day that his conviction became final.  *See* 28 U.S.C. § 2244(d)(1)(A).  The court therefore found that AEDPA's statute of limitations expired "on or about" January 28, 2009.[4]  The court further found that Krause

---

[1] Krause had ninety days following the Texas Court of Criminal Appeal's October 31, 2007 denial of discretionary review to petition for certiorari from the United States Supreme Court.  Because he did not, his conviction became final at the end of that period.

[2] "I did not file my [state habeas petition] earlier, because I had challenged my conviction in U.S. court. I believed it was the correct way to defend my constitutional rights. I thought the time I was defending in U.S. court would not be counted against me."

[3] On appeal, he claims that he was transferred into the transfer facility in October 2007.  Our disposition is the same using either date.

[4] Under our precedent, the date of expiration would have been January 29, 2009.  *See Henderson v. Thaler*, 626 F.3d 773, 777 (5th Cir. 2010).  However, because Krause's delay in filing was greater than one day, we hold that district court's different finding was harmless

No. 10-20013

had not shown "that he was subject to a state action that impeded him from filing the instant petition in a timely manner." *See id*. § 2244(d)(1)(B). The district court construed Krause's complaints about an inadequate law library as a request for equitable tolling and held that Krause had failed to demonstrate "rare or exceptional circumstances meriting application of equitable tolling." *See Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The district thus granted the TDCJ's motion for dismissal. The district court denied Krause's request for a certificate of appealability ("COA").

Krause moved in this court for a COA in order to appeal the district court's judgment on the grounds that the transfer facility's inadequate law library entitled him to statutory or equitable tolling of AEDPA's one-year statute of limitations. We granted his COA as to the issue of statutory tolling only.

"An order dismissing a habeas application as time-barred by AEDPA is subject to *de novo* review." *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002).[5] To invoke tolling under § 2244(d)(1)(B), Krause "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

To prevail, Krause must allege more than that the library was inadequate.[6] The Supreme Court has stated:

---

error.

[5] The TDCJ suggests that Krause failed to preserve error as to whether the transfer facility's inadequate law library entitles him to statutory tolling. We disagree. Although the district court construed Krause's argument as one solely for equitable tolling, the district court's construction is not binding on Krause. *Cf. United States v. Neal*, 578 F.3d 270, 272-73 (5th Cir. 2009) ("We have never required a defendant to reiterate an objection simply because the trial court misconstrues or fails to respond to the original.").

[6] The only evidence before the district court as to the inadequacy of the transfer unit's library was Krause's sworn declaration that the transfer facility's law library was "extremely limited" and that he petitioned for "transfer to a large prison with access to federal law books

3

No. 10-20013

> an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense . . . . [T]he inmate must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that there is no "abstract, freestanding right to a law library or legal assistance"); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the Minnesota facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Rather, he must also show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition. *See Felder*, 204 F.3d at 171 n.9 (5th Cir. 2000) (holding that where a prisoner filed his habeas petition before he had access to AEDPA, the lack of access to AEDPA was not an did not prevent him from filing an application); *see also Balawajder v. Johnson*, 252 F.3d 1357, 2001 WL 422873, at *1 (5th Cir. 2001)(unpublished) (holding that absence of AEDPA from prison library was not an impediment where the record reflected the prisoner's actual awareness of AEDPA before the tolling period expired); *cf. Egerton*, 334 F.3d at 435 (noting that the court remanded on the issue of "whether [the prisoner] was aware of the existence of AEDPA prior to the expiration of the limitations period").

Here, Krause only alleges that the library at the transfer facility was inadequate. He does not at any point allege facts as to why the transfer facility's lack of legal materials prevented him from filing a timely habeas application.

---

and Supreme Court reporters." On appeal, he asserts that the facility's law library did not "post" AEDPA nor did it have any federal materials. However, "[a]s a general rule, this court will not enlarge the record on appeal with evidence not before the district court." *McIntosh v. Partridge*, 540 F.3d 315, 327 (5th Cir. 2008). While it is questionable as to whether Krause's conclusory allegations before the district court entitled him to the presumption that the transfer facility's library was inadequate, we need not decide that issue because at no point does Krause allege facts sufficient to show that the alleged inadequacies prevented him from timely filing his habeas petition.

4

No. 10-20013

He does not, for example, allege that he had no knowledge of AEDPA's statute of limitations before he was transferred to the Huntsville facility which he claims had an adequate library.[7] *Cf. Balawajder*, 2001 WL 422873, at *1 ("Here, [the prisoner] knew that AEDPA existed and that it imposed a statute of limitations. He was therefore not prevented from filing by its absence.").

Krause's failure to allege facts indicating how the transfer facility's inadequate library prevented him from timely filing for habeas relief is particularly significant given the facts here. For almost two years following his conviction, Krause was housed in other facilities which he does not claim had inadequate legal facilities. Krause was convicted in November 2005 and alleges that he was placed in the transfer facility no earlier than October 2007. This case therefore differs materially from *Egerton*, in which the prisoner alleged that he did not have any access to legal materials until after AEDPA's statute of limitations had expired. 334 F.3d at 435.

Furthermore, we acknowledged in *Egerton* that a prison may make "alternate arrangements to apprise prisoners of their rights." *Id.* at 433. Here, Krause acknowledges that the transfer facility had a law librarian, from whom he regularly received assistance. The law librarian also attempted to get books on loan from other facilities, but, Krause says, because they were being used regularly at those facilities, was unable to do so. Furthermore, Krause acknowledges that the TDCJ recommended that he file a petition to transfer to a prison with a full library when he was unable to procure his requested

---

[7] Indeed, Krause's response to the TDCJ's motion to dismiss appears to acknowledge that he was aware of AEDPA's statute of limitations. *See* Petitioner's Brief in Response to Respondent's Motion to Dismiss at 2, *Krause v. Thaler*, No. 4:09-cv-1621 (S.D. Tex. Aug. 31, 2009) ("I did not file the [state habeas petition] earlier because I had challenged my conviction in U.S. court . . . . I thought the time I was defending in U.S. court would not be counted against me."). This mistake is further confirmed by the fact that he tendered his state habeas petition on February 19, 2009, the day after the district court dismissed his § 1983 action.

No. 10-20013

materials on loan.  He was transferred no later than November 2, 2008, when he still had nearly three months in which to timely file his petition.

Krause has made no attempt to explain why these measures were inadequate, or why he could not have requested a transfer to a prison with a full library earlier.  More importantly, he has not shown how this course of events constitutes state action (or even inaction) *preventing* him from filing.  To the contrary, this course of events, while not perfect, shows state action to assist Krause even to the point of transferring him to a facility with a better library.  This set of facts is almost the opposite of *Egerton*, where the prisoner languished without assistance for quite some time.  Because Krause makes no attempt to explain how the transfer facility's alleged deficiencies caused him to untimely file his habeas petition, his claim amounts to little more than an incognizable complaint that his prison lacked an adequate library.  *See Lewis*, 518 U.S. at 351.

Because Krause fails to even allege sufficient facts to show that he was prevented from timely filing for habeas, and our review of the record indicates that further proceedings are unlikely to uncover such facts, the judgment of the district court is AFFIRMED.  Krause's motion to strike portions of the TDCJ's brief is DENIED.