# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2014

Lyle W. Cayce
Clerk

DAVID JAMES,

Plaintiff-Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE; ADMINISTRATORS OF
ACCESS TO COURTS; ATTORNEY GENERAL OF THE STATE OF TEXAS;
JUDICIAL OFFICERS OF THE STATE OF TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1927

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

David James, Texas prisoner # 1251548, appeals a judgment dismissing
his 42 U.S.C. § 1983 complaint for failure to state a claim under 28 U.S.C.
§ 1915(e)(2).  James alleged that Texas prison officials and employees and
other state officials violated his right of access to the courts by failing to provide
him with access to an adequate law library or a person trained in the law to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-20041

assist him in filing his original state habeas application in 2007. He also claimed that state court officials violated his right of access to the courts by refusing to consider and address on the merits the claims set forth in his subsequent state habeas application.

We apply de novo review to a prisoner's action dismissed for failure to state a claim. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011). We have reviewed the record and James's brief and agree with the dismissal for failure to state a claim, as James does not show that his ability to pursue a nonfrivolous legal claim was hindered by any actions of the defendants while he was imprisoned in the Jester IV Unit of the Texas Department of Criminal Justice. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002); *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Further, in his brief to this court, James does not challenge the determination that his claim based on the state court's recent dismissal of his subsequent state habeas application lacked merit. Johnson thus abandons this issue by failing to adequately brief it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The district court dismissed James's complaint with prejudice for failure to state a claim pursuant to § 1915(e)(2)(B)(ii). James argues that the district court erred in dismissing his claims without providing him an opportunity to amend and without first serving his complaint on the defendants and hearing an answer from them. A district court, however, may dismiss a prisoner's in forma pauperis action at any time after properly determining that the action fails to state a claim, even prior to service of process. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A. Further, James was given an opportunity to cure the inadequacies in his pleading through the district court's use of a questionnaire in the nature of a motion for more definite statement. *See Eason v. Thaler*,

2

14 F.3d 8, 9 (5th Cir. 1994).  Therefore, he cannot show that the district court abused its discretion in dismissing his complaint with prejudice.

James also seeks appointment of counsel on appeal.  His case does not present exceptional circumstances warranting the appointment of counsel.  *See Cooper v. Sheriff, Lubbock Cnty., Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Accordingly, his motion for appointment of counsel is DENIED.

The judgment of the district court is AFFIRMED.  Additionally, the following requests set forth in James's brief are DENIED AS MOOT: (1) that this court issue a declaratory judgment instructing the state courts to not treat his pending state habeas application as successive; (2) that this court order the defendants to pay and/or refund his filing fees; (3) that this court order the state courts to appoint a neurologist for James and to hold an evidentiary hearing at which Dr. Harry Bonnell can testify; and (4) that this court stay the motion for authorization filed in Case No. 13-20679.

The district court's dismissal of James's complaint counts as a strike for purposes of § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996).  James is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury.  *See* § 1915(g).