# SUPREME COURT OF THE UNITED STATES

### RONRICO SIMMONS, JR. *v.* UNITED STATES

#### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

No. 20–1704.   Decided November 1, 2021

The petition for a writ of certiorari is denied.

Statement of JUSTICE SOTOMAYOR, with whom JUSTICE KAGAN joins, respecting the denial of certiorari.

RonRico Simmons, Jr., alleges that he was unable to file a habeas petition within one year of his federal conviction, the general deadline for seeking such relief, because the state prisons where he was imprisoned had no materials about federal habeas law.  See 28 U. S. C. §2255(f)(1).  The Sixth Circuit, however, concluded that even if the state prisons lacked any such legal materials, Simmons' petition was time barred because Simmons, in his *pro se* filing, failed "to allege a causal connection" between his inability to access materials about federal habeas law and his failure to file a federal habeas petition.  974 F. 3d 791, 798 (2020). Because this petition does not meet our traditional criteria for review, I do not dissent from the denial of certiorari.  I write separately to stress that the Sixth Circuit's parsimonious reading of Simmons' *pro se* motion appears contrary to our longstanding instruction that *pro se* filings must be "liberally construed."  *Estelle* v. *Gamble*, 429 U. S. 97, 106 (1976).

This Court has long held that "'the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law.'"  *Lewis* v. *Casey*, 518 U. S. 343, 346 (1996) (quot-

ing *Bounds* v. *Smith*, 430 U. S. 817, 828 (1977)). Specifically, prisons must provide the legal materials and "tools . . . that the inmates need in order to attack their sentences, directly or collaterally." *Lewis*, 518 U. S., at 355. Several Circuits have held, therefore, that a prison's failure to provide these "tools" may constitute an unconstitutional government impairment that tolls the 1-year statutory filing deadline for seeking habeas relief under §2255 or §2244.* If this rule applied to Simmons, his habeas petition was timely because he filed it within a year of his arrival at a prison that enabled him to access federal legal materials. See §2255(f)(2).

The Sixth Circuit held that Simmons' petition was time barred, even if he had no access to federal habeas materials and even if this lack of access was unconstitutional, because it found his explanation "conclusory" as to why a lack of all federal habeas materials impeded his filing. 974 F. 3d, at 797. The court acknowledged that Simmons had alleged that the lack of access to federal law "prevented" him from filing and that he "did not, strictly speaking, need to answer any particular question" in the allegations of his petition. *Ibid.* It nonetheless concluded that he should have known to provide additional details by, for instance, explaining that he discovered the lack of materials when he attempted to go to the library or asked for legal assistance. *Ibid.*

The Sixth Circuit's reasoning appears questionable. To the extent the court was imposing a diligence requirement for invoking the §2255(f)(2) filing deadline, that requirement appears nowhere in the provision's text. To the extent the court was not imposing such a requirement, it was

––––––––
*See *Estremera* v. *United States*, 724 F. 3d 773, 776 (CA7 2013) (addressing 28 U. S. C. §2255(f)(2)'s deadline for filing §2255 petitions); *Egerton* v. *Cockrell*, 334 F. 3d 433, 439 (CA5 2003) (addressing §2244(d)(1)(B)'s deadline for filing §2244 petitions); *Whalem/Hunt* v. *Early*, 233 F. 3d 1146, 1147–1148 (CA9 2000) (en banc) (same).

likely imposing an inappropriately high bar on a *pro se* filing. Simmons specified the legal materials that were unavailable: the "'Rules Governing 2255 Proceedings and [the Antiterrorism and Effective Death Penalty Act of 1996] statute of limitations,'" as well as any "'federal Law Library.'" *Id.*, at 793. And he explained that this lack of access "'prevented him from having the ability to timely pursue and know the timeliness for filing a 2255 Motion.'" *Ibid.* Little "liberal construction" is required to understand this as pleading causation: Simmons alleged that his inability to access habeas law materials prevented him from understanding how and when to file a habeas petition, and therefore from filing. See *Lewis*, 518 U. S., at 351 (noting that an inmate could plead a violation of right of access to the courts because he "suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that was unable even to file a complaint").

As this Court has repeatedly stressed, "'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson* v. *Pardus*, 551 U. S. 89, 94 (2007) (*per curiam*) (summarily reversing where a *pro se* complaint was dismissed "on the ground that petitioner's allegations of harm were too conclusory to put these matters in issue"). These liberal construction requirements for *pro se* litigants carry particular weight when courts consider habeas filings, given that "[t]he writ of habeas corpus plays a vital role in protecting constitutional rights." *Slack* v. *McDaniel*, 529 U. S. 473, 483 (2000).

A petitioner's failure to explain causation adequately may be proper cause for the court to provide clear guidance and an opportunity to remedy, or to hold an evidentiary hearing to determine the relevant facts, as other Circuits have required in similar circumstances. See, *e.g., Estremera* v. *United States*, 724 F. 3d 773, 777 (CA7 2013);

Statement of SOTOMAYOR, J.

*Whalem/Hunt* v. *Early*, 233 F. 3d 1146, 1148 (CA9 2000) (en banc).  It is rarely a reason to find a *pro se* habeas petition time barred on the pleadings.  I trust the courts of appeals will do so only where our liberal pleading standards warrant such a harsh result.